IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

William B. Logan, Jr, Trustee in Bankruptcy,

        Plaintiff,

    v.

Michael B. Johnson, et al.,

        Defendants.

Case No. 2:13-cv-156

Judge Graham

OPINION AND ORDER

    This matter is before the court on three motions to withdraw the reference to the Bankruptcy Court. Plaintiff William B. Logan, Trustee in Bankruptcy for LPN Healthcare Facility, Inc., filed this adversary proceeding against thirteen defendants asserting various tort and bankruptcy claims. For the most part, plaintiff's claims relate to allegedly unauthorized post-petition transfers and payment of accounts receivable. Doc. 3 at 4-5. Defendants Si Digman and Si Digman, LLC ("Digman") seek withdrawal of the reference with respect to three of plaintiff's fourteen counts. Docs. 1, 2. Plaintiff and six other defendants (hereinafter "joint movants") jointly move for withdrawal of the reference with respect to the remaining counts.[1] Doc. 4. For the reasons set forth below, each motion to withdraw the reference is DENIED without prejudice.

    Under 28 U.S.C. § 157(d), "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." While Congress did not define "cause," courts have identified a number of factors to consider when deciding whether cause exists: whether the claim or proceeding is core or non-core;

---

[1] Though the joint movants do not appear to have directly responded to Digman's motions to withdraw, in their motion they argue that the Court should deny Digman's motion for withdrawal with respect to plaintiff's third count.

1

judicial economy; promoting uniformity in the administration of bankruptcy law; the delay and costs to the parties; preventing forum shopping; and the presence of a jury demand. See In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir.1993); In re Parklane/Atlanta Joint Venture, 927 F.2d 532, 536 (11th Cir.1991); In re Pruitt, 910 F.2d 1160, 1168 (3rd Cir.1990); Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir.1985); CNH America, LLC v. Venture Indus. Corp., 344 B.R. 526, 528-29 (E.D.Mich.2006); Holland v. LTV Steel Company, Inc., 288 B.R. 770, 774 (N.D.Ohio 2002); see also In re Oakley, No. 2:06-cv-556, 2007 WL 710244, at *1 (S.D. Ohio Mar. 6, 2007).

The party moving to withdraw has the burden of proving that the reference should be withdrawn. Holland, 288 B.R. at 773.  Here, Digman argues that the reference for plaintiff's first and second counts against him for negligence and breach of fiduciary duty must be withdrawn because Digman has a right to a jury trial on those counts.  Doc. 1 at 6.  Digman argues that the reference for the third count, in which plaintiff objects to Digman's fee application, should be withdrawn because it relates to the same facts as the first two counts.  Doc. 2 at 5.  The joint movants argue that the reference for each of the remaining counts should be withdrawn.  The joint movants' motion seems to be premised on the assumption that the Court will grant Digman's motion to withdraw the reference, and argues that in such case, judicial efficiency and the possibility of inconsistent results warrant the withdrawal of the reference for the remaining claims.  Doc. 3 at 6-7.

"When considering whether a reference should be withdrawn due to a jury demand, courts have considered the following factors: (1) whether the case is likely to reach trial, (2) whether protracted discovery with court oversight will be required, and (3) whether the bankruptcy court has familiarity with the issues presented." Spaeth v. Heckenkamp, No. MC-3-07-002, 2007 WL 188570

at *2 (S.D. Ohio Jan. 22, 2007); see also Venture Holdings Co., LLC v. Millard Design Australia Pty, Ltd., No. Civ. 05-73621, 2006 WL 800806 at *1 (E.D.Mich. Mar. 6, 2006) ("A district court may consider a demand for a jury trial insufficient cause for discretionary withdrawal if the motion is made at an early stage of the proceedings and dispositive motions may resolve the matter.").

Here, the adversary bankruptcy proceeding was filed approximately six months ago. It appears that discovery has begun, but that the bankruptcy court has not yet set a date by which it must be completed. Nor has the bankruptcy court set a deadline for dispositive motions. Given the early stage of the bankruptcy proceedings, each factor weighs against withdrawing the reference. It is too soon to evaluate whether the case is likely to reach trial, discovery is underway under the supervision of the bankruptcy court, and, finally, given the bankruptcy court's familiarity with the case and the relation of the claims to ongoing bankruptcy matters, the Court determines that withdrawal of the reference is improper at this time. The two counts for which Digman asserts a jury right are primarily focused on the disposition and documentation of the estate. These counts are intertwined with clear bankruptcy claims, and it would appear at this time that bankruptcy issues predominate.

The right to a jury trial may entitle parties to partial or complete withdrawal of the reference at some point and all parties may move for withdrawal of the reference in the future. The motions to withdraw the reference (docs. 1-3) are DENIED without prejudice.

IT IS SO ORDERED.

S/ James L Graham
James L. Graham

3

                                                UNITED STATES DISTRICT JUDGE

Date: April 18, 2013